UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-60235-CIV-MORENO**

CHARLES SPORTFISH YACHTS, LLC,

    Plaintiff,

vs.

MARK ANDERSON,

    Defendant.

_____/

(CLOSED CIVIL CASE)

## ORDER GRANTING MOTION TO DISMISS

This is an action for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Plaintiff, Charles Sport Yachts, LLC ("CSY"), filed this action against Defendant, Mark Anderson, requesting that the Court declare void and improper the lien Defendant has filed against Plaintiff's yacht, and accordingly, to strike the Notice of Lien from the document of the vessel. In response, Anderson filed a Motion to Dismiss, arguing that this Court should abstain from exercising its maritime jurisdiction in favor of a pending and prior-filed state court action in which the same issues presented here are being litigated between the same parties. The Court agrees, and accordingly, exercises its discretion and abstains from this declaratory action.

### I. Background

In April of 2006, Defendant Anderson entered into a written agreement with three companies–Wilson Yacht Sales, Inc., Jannace Yachts, Inc., and Sport Fishing Yachts Unlimited, Inc.–for the construction of a 50-foot yacht, the *Jannace 50' Express*. As part of the agreement, Anderson provided a deposit of $282,500 to be held in escrow for the construction of the yacht. A

substantial portion of the deposit was transferred to the yacht's builder, Cruiseline Yacht Builders Company, Ltd. Upon discovering that the yacht was not being constructed in accordance with the agreement, Anderson sued the four above companies in Florida state court on November 14, 2006 alleging, *inter alia*, a breach of contract. On June 19, 2009 Anderson filed a Second Amended Complaint, which is now the operative complaint in the state court action. In the process of twice amending his state court complaint, Anderson added three additional defendants, including CSY, the Plaintiff in this case.

In his state court action, Anderson has alleged that Wilson Yacht Sales, Inc., Jannace Yachts, Inc., Sport Fishing Yachts Unlimited, Inc., and Cruiseline Yacht Builders Company, Ltd breached the agreement to build the yacht and retained his deposit in violation of the agreement. With regard to CSY, however, Anderson has alleged that as a result of the dispute being litigated in state court, the brand name of the yacht constructed with his deposit changed from a *Jannace 50' Express* to a *Charles Yachts 50' Express* and that said yacht was completed and delivered to CSY. Accordingly, Anderson has asked the Florida state court to declare that he has an equitable lien on the yacht in the amount of $282,500. Anderson has also filed a claim of unjust enrichment against CSY for the same amount. CSY has filed an Answer, Affirmative Defenses, and a Counterclaim in the state court proceeding. Anderson has moved to dismiss the Counterclaim, which motion is currently pending in state court.

## II. Discussion

A federal court may, in its discretion, abstain from a declaratory judgment action in favor of a state court action in which the same issues between the same parties are being litigated. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *Ameritas Variable Life Ins. Co. v.*

*Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). Specifically, the Supreme Court in *Brillhart* has expressed that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495.

The Eleventh Cicruit in *Ameritas* has enumerated nine factors for consideration to aid district courts in deciding whether to abstain from a declaratory judgment action in favor of a parallel state court action. These factors are:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"–that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and /or public policy, or whether federal

>     common or statutory law dictates a resolution of the declaratory
>     judgment action.

*Ameritas*, 411 F.3d at 1331. These factors are not absolute, nor is any one factor controlling. *Id.*

The Court has analyzed each of the above factors and finds them overall to weigh heavily in favor of dismissing this case in favor of the state court action. The Florida state court has a strong interest in deciding the issues presented, as the equitable lien Anderson has sought against CSY's yacht is a Florida state remedy which involves questions of Florida law as well as several interconnected parties, all of whom are present in the state court action. In addition, a declaratory judgment in this action would not settle the dispute, as Anderson has filed in state court not only an equitable lien claim, but also an *in personam* claim for unjust enrichment against CSY.

Furthermore, the state court is in a much better position to evaluate the factual issues than is this Court, as that action has been pending for several years, discovery has already commenced–including discovery between the parties here–and all involved parties are properly joined in the matter. Moreover, proceeding with this declaratory action would certainly inconvenience the parties, as not only would they be required to engage in duplicative discovery, but they would be forced to travel away from the county where the state court action is pending to attend any hearing or trial in this matter.

Finally, even though this case does not involve the full controversy at issue in the state court action, proceeding with this case would nonetheless impact Anderson's state equitable lien claim, as a ruling from this Court would act as *res judicata* to the state court on that claim. It would be inefficient as well as intrusive for this Court to adjudicate issues that are already being litigated in

the state court action and which that court is fully competent to address.[1] While CSY argues that the only remedy it is seeking in this case is to have the Notice of Lien stricken from the document of its yacht, a cursory look at CSY's Complaint belies this assertion. The Complaint clearly asks the Court not simply to strike the Notice of Lien, but also to declare null and void the equitable lien claimed by Anderson in the state court action. This determination relates to the very merits of the claims Anderson has raised against CSY in the state court action and is thus best left for that court, a court of competent jurisdiction, to decide.

### III. Conclusion

Guided by considerations of federalism, judicial efficiency, and comity, and after applying the *Ameritas* factors, the Court in its discretion abstains from this declaratory action in favor of the pending and prior-filed state court action in which the same issues between the same parties are being litigated. Accordingly, it is

**ADJUDGED** that Defendant's Motion to Dismiss **(D.E. 7)**, filed on **March 25, 2010**, is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of March, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

---

[1] The Court notes that under the "Savings to Suitors Clause" of 28 U.S.C. § 1333, a plaintiff may pursue his *in personam* maritime claims in state court rather than in admiralty, as Anderson has chosen to do here. *See St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1187 (11th Cir. 2009).